I concur with the judgment of the majority finding no abuse of discretion in the trial court's decision not to apply the doctrine of laches in this case and the decision to remand for proper calculation of support. However, I do not concur with those portions of the majority opinion in which the majority independently concludes that laches should not be applied here. The delay in this case was found to be the direct result of the mother's choice not to bring the paternity action or otherwise inform the father of the child's existence. In considering the laches defense, the magistrate found no particular justification for those choices and hence, expressly found the delay to be unreasonable. As a consequence, the father has not only been deprived of any relationship with his son for a very significant ten years but is now subject to a lump sum judgment of back support for those same years, as opposed to the incremental and periodic payments he could have been making during that time. In my opinion, these circumstances could together constitute the material prejudice necessary to find laches, and could also support other equitable defenses to the mother's claim, including waiver or estoppel, all within the discretion of the trial court.